No. 37.—Robert Findlay, plaintiff in error, vs. Nancy Roberts, defendant in error.

[1.] The lien given by the Act of 1842, (*Cobb's Dig.* 428) to mill-wrights and others, is a lien confined to the steam saw-mill. The lien does not extend to any land except the mill-site, and any other that may be necessary to the working of the mill.

Application for dower, in Baldwin Superior Court. Decision by Judge Hardeman, August Term, 1855.

The following facts were agreed upon in the Court below: On 28th October, 1853, Robert Findlay filed his lien upon a mill and the premises annexed thereto, belonging to John Roberts, for an engine erected by Findlay and attached to the mill. Subsequently, Roberts died, and his widow applied for dower in the lot of land on which the mill was erected.

Judge Hardeman decided that the widow was entitled to her dower, to be estimated without taking into computation the value of the machinery and works erected by Findlay, and be so laid out as to exclude the mill, engine and fixtures.

To this decision Findlay excepted.

I. L. Harris, for plaintiff in error.

Hull, representing Wingfield, for defendant in error.

Findlay *vs.* Roberts.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] What was the extent of Findlay's lien? Was it confined to the mill, or did it also extend to the tract of land on which the mill stood?

The question depends on what is the meaning of two Statutes—the Acts of 1841 and 1842—on the subject of lien. (*Cobb's Dig.* 426, 428.)

The Act of 1841 declares, that all persons employed in any capacity on steamboats and other water craft, &c. shall, for their wages, &c. have "an exclusive lien ȯn said steamboat, against the owner," superior in dignity to any other incumbrance.

Thus, it is seen that by this Act, the lien is to be on the *steamboat.*

The Act of 1842, is to amend this Act, and for other purposes. It declares, that all the provisions of this Act "shall apply to all steam saw-mills at or near any of the water courses in this State, in behalf ·of all and every person or persons who may be employed by the owner or owners, &c. for services rendered," &c. and in behalf of mill-wrights.

All the provisions of the Act of 1841 "shall apply to *steam saw-mills.*" That is, the Act of 1842.

How can that provision of the Act of 1841, above quoted, be made applicable to a steam saw-mill? How, except by making the lien attach to the steam *saw-mill,* in the same way that the Act of 1841 makes the lien attach to the steam-*boat?* We can see no other way. It certainly cannot be done by making the lien attach to all of the *land* that may be in the tract on which the mill stands. The Act of 1841 has in it nothing about land. The Act of 1842 has in it nothing about land, except such land, if any, as is included in the word mill—"steam saw-mills." And no more land can be included in that word than the site, and whatever else may be necessary for the working of the mill. The Act of 1841 has in it, therefore, nothing which can be applied to any other

land than what can be included in the word steam saw-mill.

It follows, that the lien which the Act of 1842 gives, is a lien confined to the steam saw-mill.

If this be so, the judgment of the Court below must be affirmed, for that judgment does not at all interfere with the plaintiff's lien on the steam saw-mill.

It is of course unnecessary to consider the question, what was the nature and extent of the widow's dower. *She* does not complain.